WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alec Garner, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>Medicis Pharmaceutical Corporation, et al.,<br><br>    Defendants. | No. CV-21-00145-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendants Medicis Pharmaceutical Corporation ("Medicis") and Bausch Health US, LLC's ("Bausch") (collectively, "Defendants") Motion to Dismiss Plaintiff Erica Lupori's ("Ms. Lupori") First Amended Complaint. (Doc. 15.) For the following reasons, the motion is denied.[1]

**BACKGROUND**

Solodyn is an acne-treatment drug. (Doc. 14 ¶ 16.) The Food and Drug Administration approved Solodyn for sale in 2006 and required Medicis to include the following statement in Solodyn's promotional materials: "Safety of Solodyn has not been established beyond 12 weeks of use." *Id.* ¶¶ 13–14. Instead of including this statement, Medicis, and later Bausch, disseminated promotional materials that stated: "The safety of using Solodyn beyond 12 weeks has not been studied and is not known." *Id.* ¶ 26.

---

[1] Defendants requested oral argument. That request is denied because the parties have had an adequate opportunity to discuss the law and evidence and oral argument will not aid the Court's decision. *See Lake at Las Vegas Invs. Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

The First Amended Complaint further alleges that, no later than February 2008, Medicis, and later Bausch, studied the safety of using Solodyn beyond 12 weeks and discovered that more than one percent of patients may have elevated liver function tests after 25 weeks of use and that more than half of one percent of patients may suffer from drug-induced lupus. *Id.* ¶¶ 27–28. Despite these findings, Medicis continued to use the language mentioned above in its promotional materials even though Medicis, and later Bausch, knew the information was false. *Id.* ¶ 29.

Ms. Lupori was first prescribed Solodyn on September 7, 2010. *Id.* ¶ 46. Ms. Lupori alleges she relied on the representation that "the safety of using SOLODYN longer than 12 weeks has not been studied and is not known" prior to purchasing and consuming Solodyn. *Id.* ¶ 50. In late June 2012, Ms. Lupori began experiencing severe joint pain and stopped taking Solodyn. *Id.* ¶¶ 53–54. In September 2012, Ms. Lupori reported to her physician with drug-induced lupus. *Id.* ¶ 56.

On December 28, 2020, Ms. Lupori, along with others, filed suit against Defendants in Maricopa County Superior Court for violation of the Arizona Consumer Fraud Act. (Doc. 1-3, Ex. A.) Defendants removed the case to this Court on January 27, 2021. (Doc. 1.) After Plaintiffs filed their First Amended Complaint, (Doc. 14), Defendants moved to dismiss Ms. Lupori's claim for untimeliness, (Doc. 15).

**DISCUSSION**

**I.    Legal Standard**

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise the right of relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When analyzing a complaint for failure to state a claim, "allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a

presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

## II. Analysis

The statute of limitations for an Arizona Consumer Fraud Act claim, A.R.S. § 44-1522, is one year. A.R.S. § 12-541(5). The limitations period begins to run when "the defrauded party discovers or with reasonable diligence could have discovered the fraud." *Alaface v. Nat'l Inv. Co.*, 181 Ariz. 586, 591, 892 P.2d 1375, 1380 (Ct. App. 1994) (quoting *Mister Donut of Am., Inc. v. Harris*, 150 Ariz. 321, 323, 723 P.2d 670, 672 (1986)). A court should not grant a motion to dismiss unless it "appears certain plaintiff will not be entitled to relief under any set of facts susceptible of proof under the claims stated." *Anson v. Am. Motors Corp.*, 155 Ariz. 420, 421, 747 P.2d 581, 582 (Ct. App. 1987).

Here, Ms. Lupori alleges that after she was diagnosed with drug-induced lupus she "made a reasonable investigation into the cause of her drug-induced lupus—specifically, she reviewed the promotional marketing materials she had available to her at the time, inquired with her medical providers, and performed internet research." (Doc. 14 ¶ 59.) She further alleges she was unable to determine that Medicis, and later Bausch, made the misrepresentation about the safety of using Solodyn after 12 weeks until the law office for Mick Levin ran advertisements about the misrepresentation in January 2020. *Id.* ¶¶ 45, 60. As Ms. Lupori asserts that she made a reasonable investigation and did not discover the alleged misrepresentation until the advertisement, it is plausible that Ms. Lupori, with reasonable diligence, could not have discovered the misrepresentation until January 2020. Although Ms. Lupori alleges that a 2012 lawsuit and subsequent 2016 Arizona Supreme Court decision addressed the alleged misrepresentation, *id.* ¶¶ 42–43, whether that case would have come up in a reasonable investigation is a question of fact not capable of resolution at the motion to dismiss stage. As Plaintiffs filed this lawsuit within a year of January 2020, Defendants' motion is denied.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Plaintiff Erica Lupori's First Amended Complaint (Doc. 15) is **DENIED.**

Dated this 27th day of July, 2021.

*[signature]*
G. Murray Snow
Chief United States District Judge