**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alec Garner, et al., | No. CV-21-00145-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Medicis Pharmaceutical Corporation, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff Erica Lupori's Request for Entry of Default (Doc. 21); Plaintiffs' Motion to Strike Defendants' Amended Answer [Doc #22], Defendants' Motion for Leave to File the Amended Answer [Doc #25], and Order Granting Defendants' Motion for Leave to File Amended Answer [Doc #26] (Doc. 27); Plaintiffs' Motion to Strike, In Part, Doc #23 (Doc. 29); and Plaintiffs' Motion for Scheduling Conference (Doc. 30). Also pending before the Court are Medicis Pharmaceutical Corporation and Bausch Health US, LLC's ("Defendants") Motion to Strike Plaintiff Erica Lupori's Request for Entry of Default (Doc. 23) and Motion for Leave to File the Amended Answer (Doc. 25). For the reasons below, Erica Lupori's ("Plaintiff Lupori") Motion for Scheduling Conference is granted, but Plaintiffs' other Motions are denied. Defendants' Motion to Amend is granted, but their Motion to Strike is denied.

### BACKGROUND

Plaintiffs filed the instant suit in Maricopa County Superior Court on December 28,

2020. (Doc. 1-3 at 3.) Defendants filed a notice of removal to this Court on January 27, 2021. (Doc. 1.) After Plaintiffs filed an Amended Complaint on February 3, 2021, Defendants filed both an Answer to the Amended Complaint as to Plaintiffs Alec Garner, Trey Wilkes, and Hannah Hayes ("First Answer"), and a Motion to Dismiss as to Plaintiff Lupori, on March 1, 2021. (Docs. 15, 16.) The Court denied the Motion to Dismiss on July 27, 2021. (Doc. 19.) Defendants did not file another Amended Answer[1] for Plaintiff Lupori within fourteen days after the Order denying the Motion to Dismiss. Based on this failure, Plaintiff Lupori requested that the Clerk enter default. (Doc. 21.) The same day, Defendants filed an Amended Answer ("Second Answer") that remained substantively the same as the First Answer, except that the Second Answer explicitly named all plaintiffs. (Docs. 22, 25-1.)

**DISCUSSION**

**I. Motion to Strike Defendants' Answer and Request for Entry of Default**

Plaintiff Lupori makes both a Request for Entry of Default (Doc. 21) and a Motion to Strike Defendants' Amended Answer (Doc. 27). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Here, however, the Motion to Strike the allegedly untimely Second Answer "is in substance a motion for entry of default under Federal Rule of Civil Procedure 55, and 'the filing of a late answer is analogous to a motion to vacate a default, because the party filing the late answer receives the same opportunity to present mitigating circumstances that it would have had if a default had been entered and it had moved under Rule 55(a) to set it aside.'" *Barefield v. HSBC Holdings PLC*, No. 1:18-cv-00527-LJO-JLT, 2019 WL 918206, at *2 (E.D. Cal. Feb. 25, 2019) (quoting *McMillen v. J.C. Penney Co.*, 205 F.R.D. 557, 558 (D. Nev. 2002)); *see also Lake v. Fellner*, No. 2:12–cv–01345–GMN–GWF, 2014 WL 664653, at *2 (D. Nev. Feb. 19, 2014).

---

[1] The Court assumes without deciding that the First Answer to the Amended Complaint did not properly cover Plaintiff Lupori. The Court notes, however, that the First Answer responded to every allegation in the Amended Complaint, including those pertaining to Plaintiff Lupori. (Doc. 16.)

Of course, Plaintiff Lupori's request for default is based upon Defendants' failure to file a timely answer as to Plaintiff Lupori when their Motion to Dismiss Plaintiff Lupori's claims was denied. (Doc. 21.) At the same time that Defendants filed their Motion to Dismiss Plaintiff's Lupori's claim, they filed their Answer as to the other plaintiffs. (Docs. 15, 16.) The First Answer failed to specifically mention Plaintiff Lupori. (Doc. 16.) But, as the Motion to Dismiss aptly demonstrates, it cannot be said that the Defendants otherwise "failed to defend" as against Plaintiff Lupori's claim. Even if the Court were inclined to grant the default, Rule 55(c) provides that a court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). The good-cause analysis relies on three factors: (1) whether the party engaged in culpable conduct that led to the default; (2) whether the defaulting party had a meritorious defense; or (3) whether reopening the default . . . would prejudice the non-defaulting party. *Franchise Holding II, LLC. v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). Plaintiff Lupori is not prejudiced by the late-filed Second Answer because Defendants filed a thorough First Answer regarding the other plaintiffs in this case, and in fact have already appeared in the case as to Plaintiff Lupori. (Doc. 16.) Moreover, the Second Answer, which explicitly refers to Plaintiff Lupori, makes no substantive changes whatsoever from the First Answer. (Doc. 25-1.) The Court finds this factor dispositive. *See Franchise Holding*, 375 F.3d at 926 ("As these factors are disjunctive, the district court was free to deny the motion 'if any of the three factors was true.'" (quoting *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000)). The Request for Default and Motion to Strike the Amended Answer are denied.

**II. Motion for Leave to File the Amended Answer**

Defendants request leave to amend their Answer. The amendment clarifies that the First Answer applies to all plaintiffs. (Doc. 25.) Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be freely given when "justice so requires." Fed. R. Civ. P. 15(a). "But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay

in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Leave to amend lies within "the sound discretion of the trial court"; however, this Circuit has instructed that Rule 15's policy favoring amendment "should be applied with extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987). The party opposing amendment bears the burden of establishing futility or one of the other permissible reasons for denying a motion to amend. *Angel Jet Servs., L.L.C. v. Raytheon Health Benefits Plan*, No. 2:10-CV-01385-PHX-JAT, 2011 WL 744917, at *2 (D. Ariz. Feb. 25, 2011).

As noted above, *see supra* Part I, Plaintiff Lupori cannot show prejudice. Nor is amendment sought in bad faith: Defendants are filing the Second Answer only because Plaintiff Lupori insisted they do so by filing the Request for Entry of Default. There is no undue delay in the litigation; the Second Answer was filed a mere three days after the original deadline. (Docs. 19, 21, 22.) Nor can Plaintiff Lupori argue that amendment is futile when it was her, not Defendants, who alleged deficiency in the First Answer. (Doc. 21.) Defendants' Motion is granted.

### III. Motions to Strike

The parties have filed three Motions to Strike that cover several filings before the Court. First, Plaintiffs' Motion to Strike the Amended Answer, Defendants' Motion for Leave to File the Amended Answer, and Order Granting Defendants' Motion for Leave to File Amended Answer is denied. "Unless made at trial, a motion to strike may be filed only if it is authorized by statute or rule, such as Federal Rules of Civil Procedure 12(f) . . . or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." LRCiv 7.2(m). "Whether to grant a motion to strike is within the sound discretion of the district court." *Mag Instrument, Inc. v. JS Prod., Inc.*, 595 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008). As explained above, *supra* Part I, the Court construes the Second Answer as a functional request to set aside default, and the Court grants Defendants' Motion for Leave, *supra* Part II.[2] Moreover, Defendants'

---

[2] Defendants are advised that the proper procedure would have been to lodge the unauthorized filing, then separately file the Motion for Leave to Amend on the

Proposed Order complied with Local Rule of Civil Procedure 7.1(b)(2)–(3) because it was filed as an attachment to the main filing, which is clearly indicated at Docket Entry 26. (Doc. 26 ("Additional *Attachments* to Main Document" (emphasis added)).)

Second, Defendants ask the Court to strike Plaintiff Lupori's Request for Default. (Doc. 23.)  Because the Court denies the Request on the merits, Defendants' Motion is moot and thus denied.

Third, Plaintiff Lupori moves the Court to Strike Defendants' Response to the Request for Entry of Default. (Doc. 29.)  Because the Court denied the Request for Entry of Default and granted Defendants' Motion for Leave to Amend, Plaintiffs' Motion to Strike Defendants' Response to the Request for Entry of Default is denied as moot.

**IV. Plaintiffs' Motion for Scheduling Conference**

Plaintiffs' Motion for Scheduling Conference is granted, and a Scheduling Conference will be scheduled.  A separate order will issue with further information about the Scheduling Conference.

**CONCLUSION**

Because Plaintiff Lupori can show no prejudice, her Request for Entry of Default is denied, and Defendants' Motion for Leave to Amend is granted.  The Court will schedule a Scheduling Conference.  All other motions are denied.

**IT HEREBY ORDERED** that Plaintiff Erica Lupori's Request for Entry of Default (Doc. 21) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Plaintiff Erica Lupori's Request for Entry of Default (Doc. 23) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File the Amended Answer (Doc. 25) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike Defendants' Amended Answer [Doc #22], Defendants' Motion for Leave to File the Amended Answer [Doc #25], and Order Granting Defendants' Motion for Leave to File Amended Answer

---

public docket.

1 | [Doc #26] (Doc. 27) is **DENIED**.

2 |     **IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike, In Part, Doc #23
3 | (Doc. 29) is **DENIED** as moot.
4 |     **IT IS FURTHER ORDERED** that Plaintiff's Motion for Scheduling Conference
5 | (Doc. 30) is **GRANTED**. The Court will issue a separate order setting the Rule 16 Case
6 | Management Conference.
7 |     Dated this 4th day of March, 2022.

_____
G. Murray Snow
Chief United States District Judge