**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alec Garner, et al., | No. CV-21-00145-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Medicis Pharmaceutical Corporation, et al., | |
| Defendants. | |

Pending before the Court is Medicis Pharmaceutical Corporation and Bausch Health US, LLC's ("Defendants") Motion for Summary Judgment (Doc. 55). For the following reasons, the motion is denied.

## BACKGROUND

Plaintiffs bring their case under the Arizona Consumer Fraud Act ("ACFA"), A.R.S. § 44-1522. The four individual plaintiffs in this case each allege to have suffered adverse conditions resulting from their prescribed use of Solodyn. (Doc. 14 at 8–14). Solodyn is an acne-treatment drug. (Doc. 14 at 3). Plaintiffs' case focuses on certain language in Defendants' promotional materials: "The safety of using Solodyn beyond 12 weeks has not been studied and is not known." ("12-Week Language") (Doc. 13 at 4–5). The promotional language differed from the language the Food and Drug Administration approved and required in 2006: "Safety of Solodyn has not been established beyond 12 weeks of use." (Doc. 14 at 3).

Plaintiffs allege that by February 2008, Medicis, and later Bausch, studied the safety of using Solodyn beyond 12 weeks and discovered elevated liver function tests in one percent of patients after 25 weeks and drug-induced lupus in over half a percent of patients. (Doc. 14 at 4–5). Yet, according to Plaintiffs, Defendants continued using the 12-Week Language. Plaintiffs identify Defendants' use of the 12-Week Language on carriers physically attached to MediSAVE cards—promotional cards providing holders a discount on prescription drugs. (Doc. 67-3 at 3). At oral argument, Plaintiffs admitted that proper language was included in other publications released by Defendants. Each Plaintiff took prescribed Solodyn and each was eventually diagnosed with drug-induced hepatitis, lupus, or elevated liver enzymes. (Doc. 14 at 9, 11–13).

On December 28, 2020, Plaintiffs filed suit against Defendants in Maricopa County Superior Court for violation of the ACFA. (Doc. 1–3, Ex. A). Defendants removed the case to this Court on January 27, 2021. (Doc. 1). On October 14, 2022, Defendants filed a Motion for Summary Judgment asserting Plaintiffs have failed to show reliance on the 12-week language. (Doc. 55 at 2–3). Defendants further allege Plaintiffs' claims are time barred under the ACFA's one-year statute of limitations.

## DISCUSSION

### I. Legal Standard

Summary judgment is proper when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views the evidence "in a light most favorable to a non-moving party." *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). Substantive law determines which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the [non-moving] party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson*, 477 U.S. at 248). Thus, the non-moving party must show that

the genuine factual issues "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

## II. Analysis

In their Motion for Summary Judgment, Defendants assert Plaintiffs cannot show any reliance on the alleged 12-Week Language misrepresentation. Additionally, they assert that Defendants' claims are time barred.

### A. Reliance

The ACFA requires Plaintiffs to show "(1) a false promise or misrepresentation made in connection with the sale or advertisement of 'merchandise,' and (2) consequent and proximate injury resulting from the misrepresentation." *Watts v. Medicis Pharm. Corp.*, 239 Ariz. 19, 28, 365 P.3d 944, 953 (Ariz. 2016) (citing *Kuehn v. Stanley*, 208 Ariz. 124, 129, ¶ 16, 91 P.3d 346, 351, ¶ 16 (Ariz. Ct. App. 2004)). A material omission can support an ACFA claim. A.R.S. § 44–1522(A). Plaintiffs must show reliance to succeed on an ACFA claim. *Kuehn*, 208 Ariz. at 129, ¶ 16, 91 P.3d at 351, ¶ 16. While reliance on a material omission is necessary, it need not be reasonable. *See Schellenbach v. GoDaddy.com.*, 321 F.R.D. 613, 624 (D. Ariz. 2017). Reliance, however, must be possible. *See Kuehn*, 208 Ariz. at 130, ¶ 20, 91 P.3d at 352, ¶ 20 (holding reliance was not possible because the alleged false report was received only after the Plaintiffs entered the contract). In other words, to fulfill the reliance element under the ACFA at summary judgement, a plaintiff must be able to present facts showing reliance was actually possible at the time of the fraudulent misrepresentation.

Defendants have not shown an absence of a genuine dispute of material fact on the issue of reliance. Determining the facts on this issue requires weighing the credibility of Plaintiffs' and witness testimony. The Court does not weigh evidence or credibility during summary judgment, leaving this issue for the jury. *Anderson*, 477 U. S. at 255. Each Plaintiff has alleged sufficient facts to survive Defendants' Summary Judgment. This is because determining the accuracy and credibility of Plaintiffs' sworn testimony is a matter for a jury to weigh.

### 1. Alec Garner

Under oath, Plaintiff Alec Garner testified that he remembered receiving the MediSAVE card and whatever information was included with it. (Doc. 67-4 at 2). Furthermore, Mr. Garner testified that he believed the MediSAVE card came with a "one-sheeter." (Doc. 67-4 at 3–6). Further, Mr. Garner's mother testified that she would have reviewed and relied on any information provided to her. (Doc. 67-5 at 6). The question of whether this testimony is sufficient to show receipt and reliance on the 12-Week Language is a question of fact for a jury to determine.

### 2. Erica Lupori

Under oath, Plaintiff Erica Lupori testified that she received a brochure along with her MediSAVE card. (Doc. 67-6 at 2). She does not recall the exact look of the brochure, but remembers it being "attractive." (Doc. 67-6 at 2). She remembers reading the brochure and learning about increased risk of headaches and sunburns. (Doc. 67-6 at 4-5). These are both warnings included with the carrier that MediSAVE cards are attached to. (Doc. 67-3 at 3). Further, Ms. Lupori testified that she recalled receiving the card and had read a pamphlet included with the card. (Doc. 67-6 at 6). Finally, Ms. Lupori testified that relied on all the information in the brochure and/or pamphlet. (Doc. 67-6 at 8). Like Mr. Garner's claim, whether Ms. Lupori's testimony is sufficient to prove her claim is a question of fact for a jury to determine.

### 3. Hannah Hayes

Under oath, Plaintiff Hannah Hayes testified that she remembered receiving both the MediSAVE card and additional materials along with the card. (Doc. 67-7 at 2–3). Ms. Hayes further testified that she would have considered and reviewed all the information provided to her at the time. (Doc. 67-7 at 7). Additionally, Ms. Hayes's mother testified that the family may have received a pamphlet along with the MediSAVE card. (Doc. 67-7 at 3–5). Like the above claims, the sufficiency of Ms. Hayes's testimony is a question of fact for a jury to determine.

#### 4. Trey Wilkes

Under oath, Plaintiff Trey Wilkes specifically recalls receiving a MediSAVE card along with a pamphlet to which the card was fixed. (Doc. 67-9 at 2–3). Further, Mr. Wilkes testifies that he and his mother may have used the information on the pamphlet to make the decision whether to take Solodyn. (Doc. 67-9 at 4–7, 10). Further, Mr. Wilkes's mother testified to receiving the MediSAVE card as well as having reviewed any materials she received at the time. (Doc. 67-10 at 2, 4). As with the other Plaintiffs, this testimony is sufficient to survive summary judgment because balancing the credibility of the testimony is a question of fact for the jury.

Because each Plaintiff has produced sufficient testimony to create a genuine dispute of material fact, Plaintiffs' claims survive summary judgment on the reliance issue.

### B. Statute of Limitations

Defendants have not shown a lack of a genuine dispute of material fact regarding when the statute of limitations began to run. In this instance, the discovery that would trigger the statute of frauds accrual for consumer fraud is not of the injury from Solodyn, but rather the misrepresentation by Defendants regarding the 12-Week Language. The discovery rule, as adopted in Arizona and applied to ACFA cases, states the statute of limitations for consumer fraud cases begins running "when the defrauded party discovers or with reasonable diligence could have discovered the fraud." *Alaface v. Nat'l Inv. Co.*, 181 Ariz. 586, 591, 892 P. 2d 1375, 1380 (Ariz. Ct. App. 1994). An AFCA claim alleges fraud and will begin accruing at the moment a plaintiff discovers—or should be able to discover—the underlying fraud. *See id.* at 591–92 (finding plaintiffs' AFCA claim began accruing once plaintiffs discovered defendant's representations "were not true and that they had been damaged by reliance on the representations"). "Ordinarily, when the cause of action accrues is a question for the finder of fact," with summary judgment appropriate where only one reasonable inference can be drawn. *Id.* at 591.

The parties agree the statute of limitations in this case is one year from the date of accrual. *See* A.R.S. § 12-541(5); (Doc. 55 at 11; Doc. 66 at 15). While Defendants can

- 5 -

show Plaintiffs knew for years they were injured by the medication itself, they did not point to sufficient evidence to establish beyond dispute that Plaintiffs should have discovered the misleading nature of the 12-Week Language, or that they did so prior to one year before bringing suit. Plaintiff and witness testimony is sufficient to create a genuine dispute as to when Defendants discovered the alleged fraud. As such, Defendants have not carried their burden for summary judgment on this issue.

## CONCLUSION

Because determining reliance on the 12-Week Language is a matter of weighing the credibility of Plaintiffs' testimony, and because Plaintiffs could have discovered Defendants' misrepresentation as late as January 2020, Defendants' Motion for Summary Judgment is denied.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment (Doc. 55) is **DENIED**.

Dated this 27th day of September, 2023.

_____
G. Murray Snow
Chief United States District Judge